Case 2:15-cv-00071 Document 38 Filed in TXSD on 02/16/17 Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
February 16, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL CANTU, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CAUSE NO.: 2:15-CV-00071 |
| | § | |
| CITY OF CORPUS CHRISTI, TEXAS, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIM

As part of Plaintiff Michael Cantu ("Cantu") civil rights action against the City of Corpus Christi, Texas ("City"), he claimed violation of the Texas Whistleblower Act. The City filed a supplemental motion to dismiss the Texas Whistleblower Act claim for lack of subject matter jurisdiction.[1] The question before the Court is whether the Texas Whistleblower Act waives the City's immunity from liability and suit in federal court. For the reasons discussed below, the Court GRANTS the City's supplemental motion to dismiss for want of subject matter jurisdiction and DISMISSES without prejudice the Texas Whistleblower Act claim (D.E. 34).

## ANALYSIS

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 125 S. Ct. 2611, 2619 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

---

[1] Also pending are the City's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Cantu's 42 U.S.C. § 1983 retaliation claim (D.E. 20), the City's motion to strike (D.E. 22). The Court will address these motions by separate order.

1

(1994). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citations omitted).

The City argues that governmental immunity the Texas Legislature waived governmental immunity over Whistleblower actions only for suits brought in state court. Cantu argues: (1) jurisdiction is appropriate because the Texas Legislature waived immunity in both federal court and state court and (2) in the alternative, the Court may exercise supplemental jurisdiction over the state law claim.

### A. *Governmental Immunity and Eleventh Amendment Immunity*

In Texas, the doctrine of governmental immunity derives from the common law and has long been part of Texas jurisprudence. *See Hosner v. DeYoung*, 1 Tex. 764, 769 (1847) (holding that the State could not be sued in its own courts absent its consent "and then only in the manner indicated."); *see also City of Dallas v. Albert*, 354 S.W.3d 368, 373 (Tex. 2011) (holding that "boundaries [of sovereign immunity] are established by the judiciary, but we have consistently held that waivers of it are the prerogative of the Legislature."). The common law doctrine of governmental immunity protects governmental entities from liability and suit, unless the Texas Legislature gives consent to be sued. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n. 3 (Tex. 2003). Governmental entities include political subdivisions such as counties, cities, and school districts. *Id.*

The Eleventh Amendment grants the State sovereign immunity from suit in federal court "by citizens of other States, and by its own citizens as well." *Lapides v. Bd. of*

*Regents*, 535 U.S. 613, 618 (2002). The State's waiver of its Eleventh Amendment immunity must be unequivocally expressed. *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002). Eleventh Amendment immunity extends to State agencies and departments, if a judgment would have the same practical effect as a judgment against the State itself. *Id*.

Unlike governmental immunity, Eleventh Amendment immunity does not extend to counties, municipal corporations, and other local political subdivisions. *Mt. Healthy City Sch. Dist. Bd. of Edu. v. Doyle*, 429 U..S. 274, 280 (1977). The City enjoys governmental immunity from liability and suit unless waived. *Taylor*, 106 S.W.3d at 694 n. 3; *Travis Cent. Appraisal Dist. v. Norman*, 342 S.W.3d 54, 57–58 (Tex. 2011

### B. Texas Whistleblower Act

The Texas Whistleblower Act creates a "cause of action against state or local governmental agencies." Tex. Gov't Code § 554.004. Section 554.0035 states, "A public employee who alleges a violation of this chapter may sue the employing state or local governmental entity for the relief provided by this chapter. Sovereign immunity is waived and abolished to the extent of liability for the relief allowed under this chapter for a violation of this chapter."[2]

The City argues that the Legislature "[w]aived the City's immunity from suit, but only if that suite [sic] was brought in state district court" citing to section 554.007 which states:.

---

[2] This provision is entitled "Waiver of Immunity."

> (a) A public employee of a state governmental entity *may sue under this chapter in a district court of the county in which the cause of action arises or in a district court of Travis County*.
> (b) A public employee of a local governmental entity may sue under this chapter in a district court of the county in which the cause of action arises or in a district court of any county in the same geographic area that has established with the county in which the cause of action arises a council of governments or other regional commission under Chapter 391, Local Government Code..

Tex. Gov't Code Ann. § 554.007 (emphasis added). A United States District Court is not a district court of any Texas county. The Fifth Circuit concluded that the Texas Whistleblower Act's waiver of immunity in state court does not amount to a waiver of immunity in federal court. *See Martinez v. Tex. Dept. of Crim. Justice*, 300 F.3d 567, 575–76 (5th Cir. 2002).[3]

In the response to the supplemental motion to dismiss, Cantu concedes that this Court is not a district court of the county in which the cause of action arose. Cantu argues that the Court may exercise supplemental jurisdiction over the Texas Whistleblower Act claim. However, Section 1367 does not authorize "district courts to exercise jurisdiction over state law claims against nonconsenting state defendants." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 541-42 (2002). When legislation only waives immunity in state court, governmental entities retain immunity in federal court. *Martinez*, 300 F.3d at 576.

The Court finds that Cantu's Texas Whistleblower claim, must be brought in state court. *See Crabtree v. Ibarra*, 2011 WL 649997, at *7 (S.D. Tex. Feb. 10, 2011).[4]

---

[3] The *Martinez* court discussed both Eleventh Amendment and sovereign immunity. 300 F.3d at 575.
[4] This Court is aware that many Texas Whistleblower lawsuits have been adjudicated in federal court in this Circuit, but in none of them except *Crabtree* and *Hoskins v. Kaufman Indep. Sch.*

## **CONCLUSION & ORDER**

Accordingly, the Court GRANTS the City's supplemental motion to dismiss for want of subject matter jurisdiction (D.E. 34) and DISMISSES the Texas Whistleblower Act claim without prejudice.

ORDERED this 16th day of February, 2017.

_____
HAYDEN HEAD
SENIOR U.S. DISTRICT JUDGE

---

*Dist.*, 2003 WL 22329028 at *2 (N.D. Tex. Oct. 7, 2003) (unpublished) has this issue been raised. *See e.g. Powers v. Northside Indep. Sch. Dist.*, 2016 WL 7093986 (5th Cir. Dec. 5, 2016) (per curiam) (unpublished)(affirming in part district court's denial of summary judgment); *Sauceda v. City of Pearsall,* 630 Fed. App'x. 296 (5th Cir. Nov. 19, 2015) (per curiam) (unpublished) (affirming summary judgment for City); *Bosque v. Starr Cty*, 630 Fed. App'x. 300 (5th Cir. Nov. 23, 2015) (per curiam) (unpublished)(reversing summary judgment on whistleblower claim); *Lasater v. Tex. A&M Univ.-Commerce*, 495 Fed. App'x. 458 (5th Cir. Oct. 24, 2012) (per curiam) (unpublished) (affirming summary judgment on whistleblower claims); *Vasquez v. El Paso Comm. Coll. Dist.*, 177 Fed. App'x. 422 (5th Cir. Apr. 20, 2006) (affirming summary judgment for defendant on whistleblower act claim); *Tharling v. City of Port Lavaca,* 329 F.3d 422 (5th Cir. 2003); *See also Doyle v. Harris Cty*, 74 Fed. App'x. 302 (5th Cir. July 15, 2003) (per curiam) (unpublished); *Moore v. City of Houston,* 265 F.3d 1058 (5th Cir. 2001) (per curiam) (affirming whistleblower verdict for plaintiff); *Serna v. City of San Antonio*, 244 F.3d 479 (5th Cir. 2001); *Rodriguez v. Bd of Trustees Laredo Indep. Sch. Dist.,* 65 Fed. App'x. 508 (5th Cir. Mar. 25, 2003) (per curiam) (unpublished); *Lukan v. North Forest ISD*, 183 F.3d 342 (5th Cir. 1999) (reversing denial of summary judgment on whistleblower claim); *Forsyth v. City of Dallas*, 91 F.3d 769 (5th Cir. 1996) (affirming Whistleblower Act claim against City); *Denton v. Morgan,* 136 F.3d 1038 (5th Cir. 1998); *Mallek v. City of San Benito*, 121 F.3d 993 (5th Cir. 1997) (reversing summary judgment in favor of City); *Knowlton v. Greenwood Indep. Sch. Dist.*, 957 F.2d 1172 (5th Cir. 1992); *Cole v. City of Port Arthur*, 2014 WL 3513366 at *19 (E.D. Tex. July 16, 2014) (unpublished); *Williams v. City of Port Arthur*, 2012 WL 1997867 at *17 (E.D. Tex. June 1, 2012); *Walton v. City of Milford*, 2012 WL 631240 at *8-9 (N.D. Tex. Feb. 28, 2008); *Jackson v. Singh*, 2008 WL 2690357 at *15-16 (S.D. Tex. July 8, 2008); *Gates v. City of Dallas*, 1998 WL 133004 at *11 (N.D. Tex. Mar. 18, 1998); *Carey v. Aldine Indep. Sch. Dist.*, 996 F. Supp. 2d 641 (S.D. Tex. 1998).